FILED

APR 13 2017

Clerk, U.S. District Court
District of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>RAYMOND BELL,<br><br>Defendant/Movant. | Cause No. CR 09-14-H-DWM<br>CV 13-47-H-DWM<br><br>ORDER |

This matter is before the Court on Defendant/Movant Bell's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. On March 20, 2017, the United States moved to dismiss the § 2255 motion or, more accurately, moved the Court to deny the motion for lack of merit. *See* Mot. to Dismiss (Doc. 131) at 2.

On April 10, 2017, counsel for Bell moved for an extension of time to respond to the United States' motion. Counsel explains that he has not been able to reach Bell to determine whether he agrees to abandon his claim for relief, not under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), but under *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). *See* Mot. for Extension of Time (Doc. 133) at 2 ¶¶ 2-3.

A *Johnson* claim plainly lacks merit. Although *Johnson* announced a new rule that is retroactive to cases, like Bell's, on collateral review, *see Welch v.*

1

*United States*, __ U.S. __, 136 S. Ct. 1257 (2016), the Supreme Court has now held that provisions of the advisory sentencing guidelines are not subject to constitutional challenges on grounds of vagueness, *see Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 890 (2017). *Johnson* does not support relief for Bell under § 2255.

A claim under *Descamps* also lacks merit. On direct review in Bell's case, the Court of Appeals did not hold that Bell's conviction under California Penal Code § 459 was a "crime of violence" based on the specific crimes listed in U.S.S.G. § 4B1.2(a)(2). Had it done so, Bell's claim under *Descamps* would likely have merit, provided he could show he filed his § 2255 motion on time. *See* Order (Doc. 112) at 8-9.

Instead, the appellate court followed *United States v. Park*, 649 F.3d 1175 (9th Cir. 2011). *Park* held that a first-degree burglary conviction under California Penal Code § 459 is a "crime of violence" under the "residual clause" of the career offender guideline. *Id.* at 1177. The career offender guideline, in language similar to that of the ACCA, defines a "crime of violence" as one that is "burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(a)(2) (emphasis added). *See* Mem. (Doc. 105) at 2, *Bell*, No. 10-30156 (9th Cir. Nov. 29, 2011) (quoting *Park*, 649 F.3d at 1178). But that very

2

language is what the *Beckles* Court held immune from challenge on vagueness grounds. *See Beckles*, 137 S. Ct. at 890-91, 892.

Consequently, there is no need to extend Bell's time to respond to the United States' motion to dismiss. Bell's agreement with the law is not relevant. The § 2255 motion plainly lacks merit. A certificate of appealability is not warranted. Bell has not made a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED:

1. Bell's motion for extension of time (Doc. 133) is DENIED.

2. The United States' motion to dismiss (Doc. 131) is GRANTED.

3. Bell's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 125) is DENIED.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Bell files a Notice of Appeal;

5. The clerk shall ensure that all pending motions in this case and in CV 13-47-H-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Bell.

DATED this 13th day of April, 2017.

Donald W. Molloy
United States District Court

3